COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Lemons
Argued at Alexandria, Virginia


CHARLES SCHULTZ

                                    MEMORANDUM OPINION* BY
v.    Record No. 0031-99-4          JUDGE LARRY G. ELDER
                                       DECEMBER 7, 1999
CLARENCE H. CARTER, COMMISSIONER,
VIRGINIA DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Jonathan C. Thacher, Judge

         Robert D. Weiss for appellant.

         Gaye Lynn Taxey, Assistant Attorney General
         (Mark L. Earley, Attorney General; Ashley L.
         Taylor, Jr., Deputy Attorney General;
         Siran S. Faulders, Senior Assistant Attorney
         General, on brief), for appellee.


     Charles Schultz (appellant) appeals the decision of the

circuit court affirming the administrative finding of the

Virginia Department of Social Services (DSS) that Schultz

physically abused his daughter.  Schultz contends on appeal that

the trial court erroneously (A) required him to prove that he

did not abuse his daughter; (B) found that substantial evidence

supported DSS's finding that he physically abused his daughter;

(C) deferred to the experience and competence of DSS; and (D)

failed to consider the whole evidential record.  We hold that

―――――――――――――――――――

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the trial court applied the proper standard of review and that

substantial evidence supported the founded complaint of Level 3

physical abuse.  Therefore, we affirm the decision of the trial

court.

In reviewing this matter, we note that

> "[t]he scope of court review of a litigated
> issue under the APA is limited to
> determination [of] whether there was
> substantial evidence in the agency record to
> support the decision."  State Board of
> Health v. Godfrey, 223 Va. 423, 433, 290
> S.E.2d 875, 880 (1982); see Code
> § 9-6.14:17.  The substantial evidence
> standard is "designed to give great
> stability and finality to the fact-findings
> of an administrative agency."  Virginia Real
> Estate Comm'n v. Bias, 226 Va. 264, 269, 308
> S.E.2d 123, 125 (1983).  A trial court may
> reject the findings of fact "only if,
> considering the record as a whole, a
> reasonable mind would necessarily come to a
> different conclusion."  Id. (citing B.
> Mezines, Administrative Law § 51.01 (1981)).
> The burden of proof rests upon the party
> challenging the agency determination to show
> that there was not substantial evidence in
> the record to support it.  See Code
> § 9-6.14:17.

Smith v. Department of Mines, Minerals and Energy, 28 Va. App.

677, 684-85, 508 S.E.2d 342, 346 (1998); see also Code

§ 63.1-248.6:1(B).  "[T]he reviewing court '"may not exercise

anew the jurisdiction of the administrative agency and merely

substitute its own independent judgment for that of the body

entrusted by the Legislature with the administrative

function."'"  Turner v. Jackson, 14 Va. App. 423, 430-31, 417

S.E.2d 881, 887 (1992) (citations omitted).

-

A.

STANDARD OF REVIEW

We find no merit in appellant's contention that the trial court applied an erroneous standard when it stated that "this Court may reverse the agency's decision only if, considering the evidence on the record, a reasonable mind would necessarily conclude that [appellant] did not abuse [his daughter]." The trial court set out the proper standard of review in its detailed opinion letter. It reviewed DSS's factual findings and listed five "undeniable" facts which it found dispositive. It determined that the evidence was not such as to necessarily lead a reasonable mind to a different conclusion, and found that DSS's disposition of Level 3 physical abuse was "a plausible explanation based on the record in the case."[1]

We do not agree with Schultz's argument that the standard to be applied by the trial court was whether, considering the record as a whole, a reasonable mind would necessarily conclude that there was not clear and convincing evidence to support the agency's findings. "Review of agency factual decisions is

_____

[1] DSS's Child Protective Services Manual defines physical abuse as a "physical injury . . . , regardless of intent, [which] is inflicted . . . by non-accidental means" and includes bruising, which it defines as "an injury which results in bleeding within the skin, where the skin is discolored but not broken." 7 Child Protective Services Manual § III, ch. A, at 3-5. A founded complaint of Level 3 abuse requires clear and convincing evidence of an injury "that result[s] in minimal harm to a child" and may include one which "[r]equire[s] no medical attention to remediate." Id. at 22-23.

-

governed by the 'substantial evidence' test.  Under this standard, the scope of review is limited to ascertaining whether there was substantial evidence in the agency record to support the decision."  Turner, 14 Va. App. at 429-30, 417 S.E.2d at 886 (citations omitted).[2]  Therefore, nothing in the trial court's analysis indicates that it required Schultz to bear an erroneous burden of proof in his appeal from the agency's decision.

B.

EVIDENCE OF ABUSE

Schultz contends that the evidence in the record does not support DSS's findings.  He did not deny spanking his daughter with a belt, but denied spanking her anywhere but on the buttocks and denied that the spanking caused bruises.  He argued that the bruises on the child's hip and leg were caused by an incident when the child was tangled in a dog leash.

The court noted five specific facts that supported DSS's conclusions, including the nature of the child's bruises as well as her statements to the investigator and clinical social worker.  While Schultz contends that his daughter's statements were unreliable, the record as a whole supports the conclusion that the child's report was truthful.  Schultz admitted spanking the child with a belt, and the child admitted to the DSS

---

[2] Of course, the record must include substantial evidence to support the agency's finding by clear and convincing evidence that Level 3 abuse occurred.  See Turner, 14 Va. App. at 428-29, 417 S.E.2d at 885-86.

-

investigator that her initial report concerning other actions by Schultz had not been truthful.  In addition, while the doctor who viewed the photographs of the child's injuries indicated it was possible they were caused by the incident with the dog leash, he noted that the nature of the bruises and their orientation were not consistent with the description of the dog leash incident he received.  He also noted that the color of the bruises indicated that they occurred at different times.  Father admitted that he was aware of only one occasion contemporaneous with the bruising on which R.S. became entangled in the dog leash.  Mother noted that she saw the bruises the day after the child was spanked, although she testified that she did not believe the spanking caused the bruises.

We cannot say that the trial court erred in finding that substantial evidence in the record supported DSS's conclusions.

### C.

### DEFERENCE TO DSS DETERMINATION

We find no merit in Schultz's argument that DSS's factual finding was not entitled to any deference in this case.  Schultz admitted spanking his daughter with a belt as reported by his daughter.  The question before the agency was not one of law, but of fact:  whether the spanking Schultz admitted administering caused his daughter's bruises.  On appeal, an agency's resolution of "factual issues [is] accorded greater deference in order to give stability and finality to the fact

-

finding of the agency." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 243, 369 S.E.2d 1, 7 (1988).

We also find no merit in Schultz's contention that the agency waived any right to deference by using an outside medical expert. The DSS fact finder who heard and saw the witnesses testify determined their credibility and the weight to be afforded their testimony. The trial court on review ascertained whether substantial evidence supported DSS's decision. It was not the role of the trial court to either reweigh the evidence or re-evaluate the witness' credibility. Therefore, the circuit court properly deferred to the findings of fact rendered by the DSS decision maker.

D.

CONSIDERATION OF ENTIRE RECORD

We find no support for Schultz's contention that the trial court failed to consider the record as a whole. Schultz bases this contention on the fact that there was other evidence in the record which the DSS fact finder rejected.

The trial court's decision indicated that it relied upon the record of the proceedings before DSS. See generally Townes v. Commonwealth, 234 Va. 307, 323 n.3, 362 S.E.2d 650, 659 n.3 (1987). Because it was not the fact finder, the trial court was not free to disregard the factual findings, based upon credibility determinations, made by DSS. See Turner, 14 Va. App. at 430-31, 417 S.E.2d at 887. Therefore, as long as the

-

trial court evaluated the DSS decision based upon whether there was substantial supporting evidence, the fact that there was other evidence in the record rejected by the DSS hearing officer did not indicate that the trial court failed to review the record as a whole.

For these reasons, we affirm the decision of the trial court.

Affirmed.
